## THE PEOPLE *v.* OLIVERA.

Where the indictment fully sets forth the offence, the word "feloniously" need not be used.

*Per Murray, C. J.*—If this question had not already been decided by this Court, I should hold that it is impossible to allege a felony, without employing the word "felonious," as necessary to show the intent with which the act was done.

APPEAL from the Court of Sessions of Los Angeles County.

The defendant was indicted, tried, and convicted, of the crime of perjury. The indictment sets forth the Court, the date, and the action, in and upon which the alleged perjury was committed, as well as the question put to defendant and his alleged

perjured answer. It also avers that the question and answer were material and important to the case. It avers that he "falsely, corruptly, knowingly, willingly, and maliciously," made the perjured statement in the indictment set forth, but it does not employ the word "feloniously."

The case comes up on appeal of the defendant.

*Crocker & Robinson* for Appellant.

*W. T. Wallace, Attorney-General,* for the People.

MURRAY, C. J.—The appellant was convicted of the crime of perjury. Motion for new trial, and motion in arrest of judgment, overruled.

The errors assigned in overruling the motion for new trial, cannot be reviewed, as they are predicated upon the evidence adduced upon the trial, and there is no statement before us containing such evidence. The motion in arrest of judgment is based upon a supposed insufficiency of the indictment in this, that it does not show that either the words or the matter sworn to by the appellant, were material or important in the case. An inspection of the indictment is sufficient to rebut this objection; it is carefully drawn in this particular, and complies with the requisites of the statute.

There is one error, however, patent on the face of the indictment, which, in my opinion, would be fatal, if this Court had not already settled it adversely to my view of the law; that is, that the indictment fails to charge that the offence was committed feloniously.

In the case of the People *v.* Parsons, (October Term, 1856,) this Court held that an indictment was sufficient under our practice, if it set forth the offence in the language of the statute, and that the word *feloniously* need not be used. I dissented from that opinion, but had not the time to file a separate opinion. I now avail myself of this opportunity of expressing my dissent, because I think it a departure from former rules and precedents, and calculated to beget carelessness and uncertainty in criminal pleading.

In my opinion, it would be impossible to allege felony without the word *felonious,* as it is necessary to show the intent with which the act was done. A crime may be the result of wickedness, or malice, and at the same time, may not have been committed with a *felonious* intent.

The Supreme Courts of Missouri and Mississippi, under statutes as liberal as ours, and almost precisely similar in language, have held a different doctrine from that announced by this Court in the case of the People *v.* Parsons, and, I think, upon reason and

authority. I have no disposition, however, to question the decision of this Court further, and shall, therefore, acquiesce in it.
Judgment affirmed.

BURNETT, J.—I concur in affirming the judgment, but think the decision in the case of the People v. Parsons correct under our statute.