People *v.* Garcia.

## THE PEOPLE *v.* JOSE GARCIA.

COUNTY WHERE INDICTMENT MAY BE FOUND.—Where a hired servant who is intrusted by his employer with property withdraws himself from his employer and goes away with the property with intent to steal the same and defraud his employer thereof, he may be indicted and tried for the offense in any county into which he takes the property and is found.

INDICTMENT.—An indictment against a servant for withdrawing himself from his employer and taking with him his employer's property, intrusted to him, with intent to steal the same and defraud his employer thereof, is sufficient, if it charge the offense in the language of the Act defining it, and set out fully the circumstances under which it was committed.

ADMISSION IN CRIMINAL CASE.—An admission of a fact made by a defendant's counsel for the purposes of the trial in a criminal case, in open Court and in the defendant's presence, and not objected to by him, and recorded by the Court, is presumed to be with the defendant's consent, and may be read in evidence against him on the trial.

CHARGE OF COURT IN CRIMINAL CASE.—If the record does not show that the charge of the Court below was oral, the Supreme Court will not presume that it was oral, but the presumption will be that it was in writing.

ORAL CHARGE TO JURY MAY BE WITHDRAWN.—If a portion of the charge of the Court to the jury was oral, and counsel for the defendant objected to it on that ground, the Court may withdraw the oral charge and direct the jury to disregard it, and reduce it to writing and give it as written.

APPEAL from the County Court, Tuolumne County.

The following is the indictment:

" José Gasseo is accused by the Grand Jury of Tuolumne County by this indictment of the crime of going away with the property of another, with intent to steal," etc., committed as follows: " That the said José Gasseo, at the County of Mariposa, on the 24th day of August, 1863, and previous thereto, was the hired servant, as laborer and farm servant, of Edward C. Bell, his master and employer; and that as such hired servant he was intrusted by his master and employer with one *bayo* coyote horse, of the value of eighty dollars,

and two saddles, of the value of fifteen dollars each; and that the said José Gasseo, being so intrusted with the horse and saddles aforesaid, the same being the property of the said Edward C. Bell, his employer as aforesaid, did withdraw himself from his master and employer aforesaid, and go away with the property aforesaid, with intent to steal the same, and defraud his master and employer, Edward C. Bell, thereof, contrary to the trust and confidence in him reposed by his master and employer aforesaid; and that the said José Gasseo did bring the said property into the County of Tuolumne. All of which is contrary to the form of the statute, and against the peace of the people of the State of California."

Defendant, when arraigned, gave his true name as José Garcia.

Defendant was convicted, and appealed.

The other facts are stated in the opinion of the Court.

*James W. Coffroth*, for Appellant.

Defendant's counsel had no power to bind by his admissions the defendant. The transcript shows that defendant was addressed through an interpreter. His assent to or knowledge of the admission is not shown by the record. By our statutes defendant's attorney could not plead *guilty* for him; *ergo*, how could the attorney admit a fact establishing defendant's guilt? (Wood's Digest, 293, sec. 301; 4 Cal. 238.)

Our Federal Constitution says that a party charged with crime shall be confronted on the trial with the witnesses against him. (U. S. Const., Art. VI—amendments; Greenleaf on Evidence, Vol. 3, sec. 39.) The only exception to this rule is in cases of *dying declarations. (People* v. *Glenn*, 6 Cal.)

*J. G. McCullough, Attorney-General*, for Respondent.

The admission would be good for defendant—why not for the State? (*People* v. *Diaz*, 6 Cal. 248; *People* v. *Green*, 15 Cal. 512.)

They were competent testimony—were forced on the State —beneficial to defendant—voluntary on his part. They were solemn admissions in open Court; made on the trial, and taken as part of the proofs of the case. The defendant may waive a constitutional privilege, except only in capital cases perhaps. (1 Whar. Crim. Law, sec. 591, *e.*) But these cases go upon the theory of benefit to the prisoner—that when asked he may fear injury to his cause unless he consent to a waiver, and he will not be permitted to consent his life away. Here, the defendant actually forced the State to accept his admissions. Besides, these cases only go to the waiver of a constitutional privilege, and not to the admission of facts, which the State otherwise would be bound to prove. The defendant or *his counsel* may admit such a fact in open Court at the trial. (3 Greenlf. on Evidence, sec. 39; *Regina* v. *Thornhill*, 8 Car. & Payne, 575; *People* v. *Hobson*, 17 Cal. 425–431; *People* v. *Bruzzo*, 24 Cal. 41.)


By the Court, SAWYER, J.

There was no error in overruling the demurrer to the indictment. The property is alleged to have been brought into Tuolumne County, and the offense was indictable in that county. (Wood's Digest, 277, secs. 87–92.)

The offense is charged in the language of the Act defining it, (Wood's Digest, 339, sec. 70,) and the circumstances under which it was committed are fully set out. This has repeatedly been held to be sufficient under our statute, without using the word "feloniously." (6 Cal. 487; 7 Cal. 403; 10 Cal. 309; 14 Cal. 30; 19 Cal. 601.)

On the 20th of January the District Attorney filed an affidavit, stating that a witness for the prosecution, who had been subpœnaed, was absent, and the facts which he expected to prove by him, and asked a postponement of the trial. The prisoner's counsel opposed the postponement, and offered to admit the facts expected to be proved by the absent witness, and thereupon made, and permitted to be entered upon the

records of the Court, an admission "that the property mentioned in the indictment was intrusted to the defendant by Edward C. Bell, to take to the ranch in Merced County. * * And that the value thereof is as set forth in the indictment." Upon the entry of this admission upon the records, the Court denied the motion to postpone the trial.

On the 21st the case was called for trial. Again the defendant's attorney, in the presence of the defendant in open Court, admitted the same facts, and consented that the admission be again entered on the records of the Court, which was accordingly done.

After examining several witnesses on the part of the prosecution whose testimony tended to prove the same and other facts, the District Attorney, without objection by the defendant, read to the jury from the records of the Court the admissions thus made and entered, and rested.

After the District Attorney had made his opening argument to the jury, and during the argument of defendant's counsel, the counsel for defendant, for the first time, asked the Court to strike from the testimony the admissions read in evidence as before stated, on the ground that the testimony was illegal and incompetent. The Court refused to strike out, but no exception was taken to the ruling.

The defendant's counsel, at the close of the argument, asked the Court, substantially, to charge the jury to disregard the said admissions read in evidence, which the Court refused to do, but no exception was taken to the refusal. The admission of this evidence, and the several subsequent rulings in regard to it, are assigned as error. The admission was a solemn admission of record of a fact at the commencement of the trial, and for the purposes of the trial, by the prisoner's counsel in open Court, in his presence, and we must presume with his consent. And the admission was on the trial read from the record, in pursuance of the purpose for which the admission and record were made, without any objection on the part of the prisoner. An admission of a fact made at the trial in open Court by the prisoner or his counsel may be properly considered by the

jury, (3 Greenl. Ev., Sec. 39 ; *People* v. *Hobson*, 17 Cal. 425–431,) and such we consider this to be. No exception was taken to the subsequent rulings in regard to it.

We cannot presume that the charge was oral. The presumption is that the action of the Court was in pursuance of the law, and that the charge was in writing. (*People* v. *Ching Let*, 17 Cal. 322.) If the Court gave the charge orally, the fact should appear in the record. The strong implication from the record is that the charge of the Court was in writing. For it appears that the Court at first gave a written charge, asked by the District Attorney, with an oral explanation, to which defendant excepted because the explanation was not in writing, whereupon the Court withdrew the instruction and oral explanation, reduced the same to writing, and read them to the jury as written, directing the jury to disregard them as first given. It does not appear that any oral charge was given other than as just stated. If there had been, the Court, after what occurred, would undoubtedly have corrected the error. We think it was competent for the Court to correct the error at the time, in the manner shown by the record.

No other point requires notice.

Judgment affirmed.