## THE PEOPLE *v.* J. F. SHULER.

INDICTMENT FOR ROBBERY.—An indictment for robbery is not bad because it charges that the property was forcibly and violently taken from one person and against his will, and that another person was the owner of it, though it fails to aver that it was taken without the consent or against the will of the owner, and also fails to aver the character of the possession of the person from whom it was taken.

CHANGE OF VENUE.—Bias or prejudice of the presiding Judge is no legal ground for a change of the place of trial of a criminal action.

SAME.—An affidavit for a change of venue in a criminal action made by defendant, which states that he is informed by his counsel and believes that the Sheriff and his deputies are biassed and prejudiced against him, is insufficient.

AFFIDAVIT FOR CHANGE OF VENUE.—An affidavit for a change of venue in a criminal case, which states upon information and belief that the people of the county are prejudiced against the defendant, is insufficient.

CIRCUMSTANTIAL EVIDENCE.—Where a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other reasonable hypothesis consistent with the proof.

CHARGE OF COURT IN CRIMINAL CASE.—The presumption in the appellate Court is that the charge of the Court to the jury in a criminal case was in writing, unless the record shows it was not.

APPEAL from the County Court, Butte County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding,* for Appellant.

It is not charged that Wyckoff was the bailee of Whiting. The ownership is in the latter, while the felonious taking was from the former. It does not aver the character of the possession of Wyckoff, or that he was the agent or servant of the owner of the property. In fact, the indictment charges two distinct and positive offenses. First, in terms, it is complete for an assault upon the person of Wyckoff; and secondly, it charges a larceny of the property of Whiting, and then, to fill up the interstices of bad pleading, technically designated the whole wrong doing as highway robbery. We hold that to make the indictment sufficient for robbery, the character of the possession of Wyckoff of the property should be fully and substantially set out. The indictment must give. the particu-

lar circumstances of the offense charged. (Wood's Digest, p. 288, Sec. 239.)

One of the "particular circumstances" in this case is, the character of the possession of Wyckoff of the property alleged to be stolen. As the indictment is drawn, all the averments may be true, and yet the defendant not be guilty of robbery. The money alleged to have been stolen may have first been taken unlawfully by the party put in fear. If so, the forcible retaking of them from him by the defendant would not be the offense of robbery. (*Commonwealth* v. *Clifford*, 8 Cushing, 216, 217; *Rex* v. *Hall*, 3 Car. & P. 409.) The indictment does not state that money or property was taken against the will of the owner. In fact there is nothing shown whereby we can ascertain how Wyckoff obtained possession of the property from the owner.

*J. G. McCullough, Attorney-General,* for the People.

There was no error in overruling the demurrer to the indictment. It was not necessary to set forth the facts and circumstances showing the bailment. It was only necessary to set forth such facts in an indictment for the special statutory offense created by section seventy-one of the Act concerning crimes and punishments where the bailee of goods converts the same to his own use, etc. (Wood's Digest, 339; *People* v. *Poggi*, 19 Cal. 600.) This indictment was a good common law indictment for robbery. The two cases referred to by counsel for the appellant are not applicable to such a case as this. The case of *R.* v. *Hall*, 3 Car. and Payne, 409, simply decides that the question whether the defendant entertained a bona fide impression that the property was his or not should be left to the jury. And the case of *Commonwealth* v. *Clifford*, simply decides that the indictment must allege that the stolen goods were the property of the defendant or the property of some third person. Here it is alleged that the property was taken from the person of Wyckoff, and that the same was the property of B. F. Whiting, the third person. In the Massachusetts case the property was not alleged to be the property

of anybody at all. Certainly it was not necessary for the pleader to set up in the indictment *negatively* that the defendant was not the agent of Whiting, not even under the common law, and much more so not under the liberal provisions of our statute. (See especially, *People* v. *King*, 27 Cal. 507.)

By the Court, CURREY, J.

The defendant was indicted with several others by the Grand Jury of Butte County for the crime of robbing Charles A. Wyckoff of three hundred dollars in money and eighty-five ounces of gold dust of the value of fifteen hundred dollars, and three leather purses of the value of seventy-five cents, which the indictment alleges was the property of one B. F. Whiting. To this indictment the defendant demurred on the ground that the facts stated therein do not constitute a public offense, specifying particularly wherein. The demurrer was overruled and the defendant pleaded not guilty. He was afterwards tried and found guilty, and sentenced to be imprisoned in the State Prison for the term of ten years.

I. The objection made to the indictment the defendant's counsel insists should have been sustained by the Court. The fifty-ninth section of the Act concerning crimes and punishments defines robbery as follows : "Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation." This in no material respect is different from the common law definition of the crime of robbery. If the offense is charged essentially and substantially as it is defined by the statute then the indictment must be regarded as sufficient. The Act to regulate proceedings in criminal cases requires that the indictment shall contain a statement of the acts constituting the offense. The party accused must be charged directly, and the offense must be charged in the same unequivocal manner, together with the particular circumstances of it when necessary to constitute a complete offense. (Laws 1851, pp. 237, 238.)

The indictment charges that the defendants, on a certain day, at a particular place in Butte County, "upon Charles A. Wyckoff did feloniously make an assault and him put in fear and danger of his life, and from his person and control, and against his will, did feloniously, forcibly and violently steal, take and carry away certain property and money," which is particularly described of a specified value, alleging the same to be "the property and money of B. F. Whiting." It is claimed on the part of the defendant that the indictment is bad because it is not stated therein that the property was taken from the person or presence of the owner or against his will, or without his knowledge and consent; and further, because it is not stated that Wyckoff had the right of possession of the property, or was in the peaceable possession of it, when it was taken.

The indictment does not state that the property which the defendant with others was charged with feloniously, forcibly and violently taking from Wyckoff was taken from Whiting, or without his knowledge or consent. The statute does not require that the indictment shall in terms contain such a statement, nor a statement in terms that the bailee of it had the right of possession. The indictment does state that from the person and control of Wyckoff, and against his will, the defendants did feloniously, forcibly and violently steal, take and carry away the money and property described. It thus appears that Wyckoff had possession of the property when it was taken, for it was taken from his person and control. Having possession of it, the law deems that possession rightful, and therefore the right of Wyckoff to the possession need not be stated in the indictment. (Laws 1851, p. 239, Sec. 248.)

When money or goods are stolen out of the possession of a bailee, they may be described in the indictment as the property of either bailor or bailee. (*State* v. *Somerville*, 21 Maine, 14.) The cases usually given as an illustration of this rule are those of goods left at an inn; cloth given to a tailor to manufacture, and linen to a laundress to wash; chattels intrusted to a person for safe keeping; goods levied upon by a Sheriff

or Constable, and in his custody. In such cases the property may be laid in the indictment as the goods and chattels of the bailee or of the owner, at the option of the prosecutor. (Wharton's Prec. of Indictments, 192, and the authorities there cited.) In *People* v. *Vice*, 21 Cal. 345, the Court held that an indictment for robbery must contain an allegation as to the ownership of the property of which the party named was robbed, or that it did not belong to the defendant. The Court then say : "It is not necessary that the property should belong to the party from whose possession it was forcibly taken." We think the indictment was properly sustained.

II. Before the trial was commenced the defendant, with his co-defendants, made an application to change the place of trial on the ground that they could not obtain a fair and impartial trial in the Court in which the case was pending. The reasons assigned in support of the ground stated, were that the Judge of the Court and the Sheriff and his deputies were biassed and prejudiced against the defendants, and had at divers times and occasions expressed to many citizens of the County of Butte their opinions that the defendants were guilty of the offense with which they stood charged; by which the public, and particularly the citizens of said county, were biassed and prejudiced against the defendants. That the newspaper published at Oroville in said county, and the press of the State generally, had teemed with articles of abuse and slander against the defendants, which had been spread broadcast over Butte County to such an extent that the citizens thereof had unanimously become biassed and prejudiced against the defendants, and therefore were not qualified to give the defendants a fair trial. The allegation of the defendants respecting the bias and prejudice of the Judge and the Sheriff and his deputies, and the people of the county, against them was, as appears from the defendant's affidavit, upon information which they deposed they believed to be true. This application was denied by the Court.

In respect to the bias and prejudice of the Judge, which the defendants deposed to exist, as informed by their counsel, the

cases of *The People* v. *Williams*, 24 Cal. 33, and *The People* v. *Mahoney*, 18 Cal. 185, are decisive and adverse to defendants' position.

The charge made by the defendants that the Sheriff and his deputies were biassed and prejudiced against them and had expressed opinions of their guilt, is made upon information derived from their counsel. If the charge was admitted to be true, we are not satisfied, notwithstanding the impropriety of those officers indulging in the expression of opinions which might contribute to defeat the due administration of justice, that it would be a good and sufficient ground to authorize the Court to change the place of trial. But the charge cannot be regarded as sustained. The affidavit pointed to the source of the defendants' information, which was conveniently accessible. In such cases the party relying upon facts and circumstances of which he is informed and which he believes, should produce from the source or sources of his information, when he can conveniently do so, evidence of their truth. A rule requiring less than this would be attended with great inconvenience and operate in many instances to defeat the ends of justice.

The defendant's affidavit does not establish the fact that the people of the County of Butte were so prejudiced against him as to become disqualified to act as jurors in this case. The statement in this respect was upon his information and belief, which, standing alone, no Court in the exercise of a proper discretion could regard of sufficient probative force to authorize a change of the place of trial.

III. In the general charge of the Court to the jury, it is stated that the evidence in the case is mostly of a circumstantial nature. The defendants' counsel seems to have so considered it, and afterwards requested the Court to instruct the jury in these words : " In the application of circumstantial evidence the utmost caution should be used ; it is always insufficient to convict or warrant a verdict, when assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true."

The rule on the point to which this requested instruction seems to have been directed, is that where a criminal charge is to be proved by circumstantial evidence, the proof ought to be consistent with the prisoner's guilt, but inconsistent with every other rational conclusion. (1 Greenleaf's Ev. Sec. 34.) The instruction requested is obscure if not without any definite meaning whatever. The hypothesis supposed to be found in the sentence as the antithesis of the words "other hypothesis" is indefinite, and quite too obscure to serve as a guide to a jury in such cases. If the requested instruction was intended to inculcate the rule above stated, then the hypothesis to which it was sought to refer the proof should have been qualified as reasonable and consistent with such proof. In our judgment the Court properly refused to give to the jury this requested instruction.

IV. The defendant assigns as error that the instructions of the Court to the jury were not in writing. That they were not in writing this Court is, in effect, asked to presume, because it does not appear that they were in writing. But as we held in *People* v. *Chung Lit*, 17 Cal. 322, and in *The People* v. *Garcia*, 25 Cal. 531, we hold in this case, that in the absence of evidence to the contrary, the presumption is that the instructions of the Court to the jury were in writing. If the Court erred in this respect, it was the business of the defendant to show it. It will not be presumed.

We have examined the several points which the defendants' counsel have deemed of sufficient importance to present for consideration, and are of the opinion the judgment should be affirmed.

Judgment affirmed.

Mr. Justice Shafter and Mr. Justice Rhodes expressed no opinion.