EUGENE ROBERTSON v. THE STATE.

Under the Act of August 13th, 1870 (Acts, p. 107), a justice's warrant for
the arrest of a felon is returnable before any justice of the peace of the
county where the felony was committed, though the warrant be issued
and the arrest made in a different county. Immediately upon being
arrested in W. county on a justice's warrant issued there, and made re-
turnable before any justice of the peace of D. county, where the felony
was committed, the accused sued out *habeas corpus* before the district
judge, who remanded him to the custody of the sheriff, to be taken with
the warrant to D. county. *Held*, that the action of the judge was cor-
rect. Until an examination was had before a justice of D. county, the
writ of *habeas corpus* would not lie,—it not being pretended that there
was any unnecessary delay by the officer having the accused in arrest.

APPEAL from Williamson. Tried below. before the Hon.
William Lewis.

There is no occasion for a statement of the facts.

*M. A. Long* and *Makemson & Posey*, for appellant.

*Wm. Alexander, Attorney-General*, for the State.

WALKER, J.   This is an appeal from the judgment of the
judge of the 32d District, sitting at Chambers in Williamson
county.

The appellant was charged upon the affidavit of one Kilgore,
of the theft of a gelding, alleged to have been stolen in Denton
county. This affidavit was made before A. W. Morrow, a justice
of the peace in Williamson county. A warrant was issued, di-
rected to the sheriff or any constable of the county of William-
son, commanding the arrest of the appellant, and ordering that
he be taken before some justice of the peace of Denton county,
to answer the charge as made in the affidavit.

One of the attorneys who has briefed the case has fallen into
a great blunder, in asserting that the justice of the peace, who
issued the warrant, made it returnable to himself. The writ

contradicts this assertion. The sheriff arrested the appellant, and this was a proceeding by *habeas corpus*, before any examination had yet been had before a committing magistrate.

The object of the writ undoubtedly was to prevent the sheriff from taking his prisoner to Denton county.

The court, on examining the facts in the case, upon the return of the sheriff, refused to accept a recognizance, and directed the sheriff to execute the writ under which he had made the arrest. This ruling was certainly correct; no preliminary examination had taken place. The offense, if committed at all, was committed in Denton county, and it was in that county that the prisoner was bound to answer the charge. After the examination, had the committing magistrate refused to admit the prisoner to bail, then a proceeding in *habeas corpus* might have been resorted to; but this was simply an abuse of the writ, intended rather to impede and defeat the due execution of the law, than to relieve a party illegally deprived of his liberty.

The judgment of the District Court is affirmed.

Affirmed.