## McDOWELL v. LEVY.

### No. 20,156; December 18, 1885.

8 Pac. 857.

**Judge.—Bias or Prejudice on the Part of a Trial Judge con-** stitutes no legal incapacity to sit on the trial of a cause.[1]

Application for a writ of prohibition.

On the trial in the court below (one of the departments of the superior court of the city and county of San Francisco), in an action of criminal libel against petitioner, he objected to the cause being tried by the judge then sitting, on the ground of bias and prejudice of such judge, and set out in affidavits the facts claimed to constitute such bias, and moved that the cause be postponed or transferred to another department of the same court on that ground. The motion was denied, and the petitioner then made this application.

S. W. & E. B. Holladay for petitioner.

By the COURT.—The application is denied, on the authority of People v. Williams, 24 Cal. 33: See People v. Mahoney, 18 Cal. 185; People v. Shuler, 28 Cal. 494.

[1] Cited and approved in Tibbs v. City of Atlanta, 125 Ga. 21, 53 S. E. 812, where, in the trial of a policeman by a board of police commissioners, the objection interposed as to a member of the board was not entertained, in the absence of statute giving it force.