[Crim. No. 48.    Second Appellate District.—December 6, 1906.]

In re ED. RICE on Habeas Corpus.

HABEAS CORPUS—JURISDICTION OF RECORDER'S COURT—REGULARITY OF PROCEEDINGS—LIMITS OF TERRITORY NOT DETERMINABLE.—Where a complaint filed in the recorder's court of one city charges an offense committed within its limits, in violation of its ordinance, and jurisdiction of the defendant's person has been acquired by that court, under a warrant of arrest which is regular on its face, it appears that the defendant is legally held; and it is not competent, upon his application for a writ of *habeas corpus*, to decide the question of fact whether the territory in which the offense was committed belongs to that city or to another city.

APPLICATION for writ of *habeas corpus* to the City Marshal of the City of Long Beach, in Los Angeles County.

The facts are stated in the opinion of Gray, P. J.

Geo. S. Hupp, and H. Steiglitz, for Petitioner.

John E. Daly, and Carl Monk, for City Marshal, Respondent.

GRAY, P. J.—The petitioner, Rice, was arrested under a warrant from the recorder's court of the city of Long Beach, in the county of Los Angeles, state of California, which warrant was based upon a complaint charging that the defendant did commit a misdemeanor, in that he "did then and there willfully and unlawfully commence and proceed with the erection or construction of a building within the limits of the city of Long Beach without first procuring a permit so to do, thereby violating ordinance 181, section 3, of the said city of Long Beach; all of which is contrary to the forms of the ordinances adopted and approved," etc.

It is contended by the petitioner, and some evidence was offered on the hearing of the petition to show that the house alleged to have been constructed contrary to the ordinance and without a permit so to do was not within the limits of

the city of Long Beach. This contention is based on the alleged ground that proceedings were taken under the statute by the city of San Pedro to incorporate as a part of the city of San Pedro the territory upon which the house in question is situated, and that such proceedings by the city of San Pedro were instituted at a time when said territory was not embraced within the limits of the city of Long Beach, and prior to any proceedings taken on the part of the city of Long Beach to include the said territory upon which said house is situated within the limits of the latter city. It appears that both the cities named are claiming jurisdiction of the alleged territory upon which the house in question is situated, and I am asked to decide to which one of the two cities this territory belongs.

I am of the opinion that it is not competent to decide this question upon an application for a writ of *habeas corpus.* The complaint charges that the crime was committed within the city of Long Beach. No point is made by the petitioner against the sufficiency of the complaint, or as to the insufficiency of the warrant based thereon. The complaint shows that the court has jurisdiction of the subject matter of the action, in that it shows a violation of the penal ordinance within the territorial jurisdiction of the recorder's court. This gives to the court jurisdiction of the subject matter of the action. The jurisdiction of the person of the defendant was obtained by his arrest under a warrant which is regular on its face. This is sufficient as against an application for a writ of *habeas corpus.* It appears, therefore, that the petitioner is legally held and should not be discharged on an application for a writ of *habeas corpus.*

The petition is dismissed and the petitioner is remanded to the custody of the city marshal.