## EX PARTE SÁNCHEZ.

### APPEAL from the District Court of Aguadilla.

No. 429.—Decided March 29, 1912.

CRIMINAL LAW—GRAND LARCENY—JURISDICTION.—According to the laws in force in Porto Rico the district court of the district where the defendant is found in possession of the stolen property has jurisdiction to try a case of grand larceny without regard to the district where the property belonged.

HABEAS CORPUS—GRAND LARCENY—LOCATION OF STOLEN PROPERTY.—In a *habeas corpus* proceeding the legality of a judgment cannot be attacked because the crime of grand larceny was committed in a district different from that in which the case was tried, for this is a question that should be determined at the trial of the case and if error is committed it may be reviewed on appeal from the judgment.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This proceeding was begun before the District Court of Aguadilla by a petition for a writ of *habeas corpus* applied

for under oath by Isidoro Sánchez López on February 23 of this year. The writ was issued on the 24th of last month and a trial was had on the 29th following and on the first of this month the district court made an order dismissing the application. It is from this order that this appeal was taken. In the petition it is alleged that the applicant was in the jail of the district of Aguadilla, serving out his sentence of five years in the penitentiary, imposed upon him by the District Court of Aguadilla for the crime of grand larceny. The application is based upon alleged want of jurisdiction on the part of the trial court and alleges that the crime was committed in the town of Quebradillas which forms no part of the territory under the jurisdiction of the District Court of Aguadilla, but belongs to the territorial jurisdiction of the District Court of Arecibo.

The information which forms the basis of this criminal prosecution alleges that the defendant, Sánchez, is guilty of the crime of grand larceny in that he carried away, with a criminal intent, a dark yellow steer, which was the property of José G. Chaves, in Isabela in the judicial district of Aguadilla. Stealing a steer is grand larceny under our statute.

This appeal is based on the proposition that the imprisonment of the said applicant, Isidoro Sánchez López, is illegal because the District Court of Aguadilla did not have jurisdiction to try and determine the case; the offense having been committed in a place outside of the jurisdiction of said court; and it appears, from the opinion of the judge which is found in the record, that the accused offered evidence during the trial tending to prove this fact. However, it was found upon the trial of the principal case that the steer, although it might have been stolen in Quebradillas, was carried into the territory of Isabela, which lies within the jurisdiction of the District Court of Aguadilla. Under section 38 of the Penal Code of Porto Rico it is provided that any person who commits a larceny beyond the jurisdiction of the trial court and brings the property stolen, or is found in posses-

sion of the same, within the jurisdiction of said court is liable to punishment. There is a similar statute in California and it has been held in that State that in a prosecution for larceny the venue may be laid in any county into which the stolen property may be conveyed. *People* v. *Mellon,* 40 Cal., 648; and *People* v. *García,* 25 Cal., 534–535.

But it is clearly incompetent for a court to determine such a question as this on an application for *habeas corpus.* The information alleges that the offense was committed in the town of Isabela which forms a part of the judicial district of Aguadilla. In the opinion of the trial court dismissing the application for *habeas corpus* it is stated that the accused pleaded not guilty on his arraignment; but the manner in which he was condemned, whether it may be by virtue of a plea of guilty, the judgment of a court or the verdict of a jury, is not important. In any of these methods of trial the question of the location or place where the act was committed must be determined by the proof like any other essential fact of the information. If any error has been committed the only manner of correcting it is by an appeal from the final judgment. Such an error as this can never be corrected in a proceeding for liberation of a prisoner on *habeas corpus,* because the accused cannot deny the record by showing that the location in which the act was committed was beyond the limits of the territorial jurisdiction of the court. This has been amply settled not only in the text books but by decisions in the Supreme Court of California, and other courts. See Church on *Habeas Corpus,* sec. 368, p. 517, and cases cited in the notes; also the case of *Rice Ex parte,* 88 Pac. Rep., 599.

Inasmuch as there was no error in the order made by the court in refusing to liberate the prisoner on his application for *habeas corpus* the judgment appealed from should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.