[Civil No. 2522.   Filed October 5, 1926.]

[249 Pac. 758.]

THE STATE OF ARIZONA ex rel. ARTHUR T. LA PRADE, County Attorney of Maricopa County, Arizona, Appellant, v. E. G. GRANTHAM, Appellee.

1. CRIMINAL LAW.—Justice courts have jurisdiction to receive complaints charging felony of failure to provide for minor child, under Penal Code of 1913, section 249, and, when complaint states a public offense, are required to issue a warrant for arrest of alleged offender.

---

1. See 3 Cal. Jur. 123.

2. ARREST—WARRANT ISSUED BY JUSTICE COURT MAY BE EXECUTED BY ANY SHERIFF, ETC., WHO, WHERE CHARGE IS FELONY, MUST TAKE DEFENDANT BEFORE MAGISTRATE WHO ISSUED WARRANT, OR BEFORE NEAREST OR MOST ACCESSIBLE MAGISTRATE IN COUNTY FROM WHICH WARRANT ISSUED (PEN. CODE 1913, §§ 835, 837, 842, 843).—Warrant charging public offense issued by justice of the peace may be executed by any sheriff, constable, marshal or policeman in the state to whom it may be delivered, and arresting officer, where charge is a felony, must take defendant before magistrate who issued warrant, or, in case of his absence or inability to act, before nearest or most accessible magistrate in county from which warrant issued, in view of Penal Code of 1913, sections 835, 837, 842, 843.

3. HABEAS CORPUS.—Purpose of writ of *habeas corpus* is to determine legality or illegality of petitioner's detention, not his guilt or innocence of crime charged, and test is whether or not requirements of law have been complied with.

4. HABEAS CORPUS — DEFENDANT CANNOT RAISE BY HABEAS CORPUS MATTERS WHICH ARE PROPERLY A DEFENSE TO MERITS OF THE CHARGE IN ADVANCE OF HEARING BEFORE MAGISTRATE (PEN. CODE 1913, § 1359).—Defendant arrested on warrant legal on its face, issued out of a justice court on complaint showing affirmatively jurisdiction of court to issue warrant and to determine whether defendant should be held to answer for offense charged, cannot raise by *habeas corpus,* in view of Penal Code of 1913, section 1359, matters which are properly a defense to merits of charge in advance of hearing before magistrate.

See (1, 2) 5 C. J., p. 431, n. 65; 16 C. J., p. 155, n. 89, p. 299, n. 55, p. 300, n. 64. (3) 16 C. J., p. 299, n. 53; 29 C. J., p. 7, n. 8, p. 24, n. 84, 85, 86, 87, p. 30, n. 15. (4) 29 C. J., p. 164, n. 83, 21 New.

APPEAL from a judgment of the Superior Court of the County of Maricopa. E. Elmo Bollinger, Judge. Judgment reversed and cause remanded, with directions.

Mr. Arthur T. La Prade, County Attorney, and Mr. Chas. A. Carson, Jr., Deputy County Attorney, for Appellant.

2.   See 3 Cal. Jur. 122.
3.   See 13 Cal. Jur. 217; 12 R. C. L. 1179.
4.   See 12 R. C. L. 1206.

No appearance for Appellee.

LOCKWOOD, J.—On the fifteenth day of March, 1926, one Maurice Grantham appeared before J. P. Mallory, who was the duly elected, qualified and acting justice of the peace, Tucson precinct, Pima county, Arizona, and swore to a criminal complaint against E. G. Grantham. The substance of the complaint is as follows:

"That one E. G. Grantham on or about the 15th day of March, 1926, at Tucson precinct, county and state aforesaid, committed a felony, to wit, failure to provide for minor child, as follows, to wit:

"The said E. G. Grantham did then and there, wilfully, unlawfully, feloniously, and without lawful excuse omit to furnish the necessary food, clothing, shelter, and medical attendance to the minor child of the said E. G. Grantham, and of his wife, Maurice Grantham, namely, Eleen Grantham, the furnishing of said food, clothing, shelter and medical attendance being then and there, and at all times since March 15, 1926, a duty imposed by law upon the said E. G. Grantham."

A warrant was duly issued upon the complaint by the justice of the peace, and, it appearing that defendant was in the city of Phoenix, it was forwarded to A. J. Moore, the sheriff of Maricopa county, who arrested defendant and held him awaiting the coming of a deputy sheriff from Pima county to return him to Tucson in pursuance with the warrant. Grantham thereupon filed in the superior court of Maricopa county a petition for a writ of *habeas corpus*. In said petition he set up as follows:

"Petitioner says that he is a resident and citizen of Maricopa county and has been such resident and citizen for at least two years last past; that he had a home here in the city of Phoenix wherein he and

30 Ariz.—38

his wife resided with their child, and that on or about four or five weeks ago the wife took the child and left the home of petitioner without his consent and has remained away ever since; that petitioner has not been in Pima county since the wife left his home; that at all times he has provided a home in Maricopa county for his wife and child and still is willing and able to do so and to provide for their support and maintenance in Maricopa county, but he is not a resident of Pima county and has not been."

As a conclusion from these alleged facts he claimed that the warrant of arrest issued from the justice court of Pima county was beyond the jurisdiction of the justice of the peace, without authority of law, and void. The matter was heard on the warrant, the complaint and the petition, and the petitioner was discharged. From this order of discharge the state has appealed.

Petitioner has made no appearance in this court, nor has any brief been filed upon his behalf, so that we might assume he confessed error in the proceedings in the superior court. Notwithstanding this, since the matter as presented raises a question of law of some general public interest, we have decided to review the case on its merits. It appears from the above that petitioner was in custody on a warrant regular upon its face, issued upon a complaint in a court of competent jurisdiction, charging petitioner with a felony under the provisions of section 249, Penal Code of 1913. The petition was based solely on the ground that the real facts of the case would show that petitioner had not committed the crime charged in the complaint, and that since he had not committed it the justice court had no jurisdiction in the matter. It is the contention of the state that in a proceeding of this nature it is not competent for the petitioner either to set up or to prove an affirmative defense on the merits to the charge under which

he is held, particularly in advance of a hearing before the justice of the peace out of whose court the warrant issued.

Section 1359 of the Penal Code of 1913 gives the causes for which a prisoner may be discharged on the return of a writ of *habeas corpus* if he be in custody by virtue of process from any court of this state, or judge or officer thereof. There are some seven reasons set forth in this section, only one of which could be considered in any way applicable to the facts in this case, to wit, "when the jurisdiction of such court or officer has been exceeded."

It cannot be denied that the justice courts of this state have jurisdiction to receive complaints of the nature set forth above. It is equally true that when such complaint is made, stating a public offense, as does the one in question, it is the duty of the justice of the peace to issue a warrant for the arrest of the alleged offender. Such warrant may be executed by any sheriff, constable, marshal, or policeman in the state of Arizona to whom it may be delivered, and it is thereupon the duty of the arresting officer where the charge is a felony to take the defendant before the magistrate who issued the warrant, or, in case of his absence or inability to act, before the nearest or most accessible magistrate in the county from which the warrant issued. Sections 835, 837, 842 and 843, Penal Code 1913.

All this procedure was most meticulously followed, with the exception that before the arresting officer could take the petitioner to Pima county this writ was sued out. The question then is, When it appears affirmatively upon the face of the proceedings that a petitioner is in custody for a felony by virtue of process of a court of proper jurisdiction, may he set up or prove on *habeas corpus* facts which, if true, would show he was not guilty of the offense charged,

or that the venue was improperly laid, in advance of the preliminary hearing provided by statute? A similar situation arose in the case of *Robertson* v. *State,* 36 Tex. 346. In that case Robertson was charged with the theft of a horse alleged to have been stolen in Denton county. The warrant was issued by a justice of the peace in Williamson county, commanding the arrest of Robertson, and ordering that he be taken before some justice of the peace in Denton county to answer the charge. As in this case, *habeas corpus* was brought after the arrest of defendant and before any examination had been had by the committing magistrate. The court therein said:

"The object of the writ undoubtedly was to prevent the sheriff from taking his prisoner to Denton county. . . . The offense, if committed at all, was committed in Denton county, and it was in that county that the prisoner was bound to answer the charge. After the examination, had the committing magistrate refused to admit the prisoner to bail, then a proceeding in *habeas corpus* might have been resorted to; but this was simply an abuse of the writ, and tended rather to impede and defeat the due execution of the law, than to relieve a party illegally deprived of his liberty."

So, also, in *Ex parte McCorkle et al.,* 29 Tex. App. 20, 13 S. W. 991, the following language was used:

"We are of opinion that the writ should not have been granted pending the proceeding before the magistrate. The magistrate who issued the warrant of arrest had jurisdiction as an examining court to inquire into the offense charged in the complaint, and it was not proper, and not in contemplation of the law, that another court or judge should defeat or interfere with that jurisdiction. In such case until the magistrate has, after examination, refused to discharge the accused, the remedy by *habeas corpus* is not available. [Citing cases.]"

To the same effect are the cases of *Ex parte Simpson,* 3 Ala. App. 222, 57 South. 518; *In re Peoples,* 47 Mich. 626, 14 N. W. 112; *State* v. *Sistrunk,* 138 Ala. 68, 35 South. 39; *Burns* v. *Tarbox,* 76 Ohio St. 520, 81 N. E. 761; *Ex parte Rice,* 4 Cal. App. 535, 88 Pac. 599.

It was never meant that the writ of *habeas corpus* should be used for trying a case on the merits. Its purpose fundamentally is to determine the legality or illegality of the detention of the petitioner, not his guilt or innocence of the crime charged, and the test is whether or not the requirements of law have been complied with. 29 C. J. 24.

As was well said by the Supreme Court of the United States in the case of *Henry* v. *Henkel,* 235 U. S. 219, 59 L. Ed. 203, 35 Sup. Ct. Rep. 54 (see, also, Rose's U. S. Notes):

"The general rule is that, on such applications, the hearing should be confined to the single question of jurisdiction, and even that will not be decided in every case in which it is raised. For otherwise the *'habeas corpus* courts could thereby draw to themselves, in the first instance, the control of all prosecutions in state and Federal courts.' To establish a general rule that the courts on *habeas corpus,* and in advance of trial, should determine every jurisdictional question, would interfere with the administration of the criminal law and afford a means by which, with the existing right of appeal, delay could be secured when the Constitution contemplates that there shall be a speedy trial, both in the interest of the public, and as a right to the defendant. The question has been before this court in many cases—some on original application and others on writ of error; in proceedings which began after arrest and before commitment; after commitment and before conviction; after conviction and before review. . . .

"But in all these instances, and notwithstanding the variety of forms in which the question has been presented, the court, with the exceptions named, has

uniformly held that the hearing on *habeas corpus* is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court. If the objections are sustained or if the defendant is acquitted, he will be discharged. If they are overruled and he is convicted, he has his right of review. . . . The rule is the same whether he is committed for trial in a court within the district, or held under a warrant of removal to another state. *He cannot, in either case, anticipate the regular course of proceeding by alleging a want of jurisdiction, and demanding a ruling thereon in habeas corpus proceedings.''* (Italics ours.)

The justice of the peace had undoubted jurisdiction to hear and determine whether on the facts there was reasonable cause to believe the petitioner guilty of the felony charged. If on such examination it appeared no such cause existed, either because the venue was wrongly laid, or else that he was legally justified in his conduct, presumably defendant would have been discharged by the magistrate. If he were not, by the express provisions of clause 7 of section 1359, *supra,* the whole question could have been reviewed on *habeas corpus.*

We hold that when a defendant has been arrested on a warrant regular upon its face, issued out of a justice court upon a complaint which on its face affirmatively shows the jurisdiction of the court to issue the warrant and to determine whether or not the defendant should be held to answer for the offense alleged to have been committed, it is not permissible for the defendant to raise by *habeas corpus* matters which are properly a defense to the merits

of the charge, in advance of the hearing before the magistrate.

The judgment of the superior court of Maricopa county is reversed and the cause remanded, with directions to proceed in accordance with the principles laid down in this decision.

McALISTER, C. J., and ROSS, J., concur.