Rockingham
No. 2000-462

### THE STATE OF NEW HAMPSHIRE

### v.

### STEVEN SMALLEY

Argued: November 7, 2001
Reargued: May 16, 2002
Opinion Issued: July 19, 2002

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Richard E. Samdperil*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

DALIANIS, J. The defendant, Steven Smalley, was convicted by a jury of possession of a controlled substance, *see* RSA 318-B:26, II (1995), and driving after suspension, subsequent offense, *see* RSA 263:64, VI (1993). On appeal, he argues that the Superior Court (*Murphy*, C.J.) erred by allowing the State to introduce a statement made by the defendant that was not provided to him during pretrial discovery. He also argues that

there was insufficient evidence to prove beyond a reasonable doubt that he was in possession of a controlled substance. We reverse the possession conviction and remand.

The record supports the following facts. On July 5, 1999, New Hampshire State Police Sergeant Brian Hester stopped a vehicle being driven by the defendant on Interstate 95, near the Hampton toll plaza, after observing what he described as suspicious behavior. There was a passenger in the automobile with the defendant. The defendant did not have a license and told Sergeant Hester that he left it at home. In addition, he produced a temporary registration that was neither in his name nor the passenger's name, and admitted that he did not know the name of the automobile's owner. A subsequent records check revealed that the defendant's license to operate an automobile in New Hampshire was suspended and that he had been previously convicted of driving after suspension.

Sergeant Hester asked the defendant for permission to search him and the vehicle and the defendant consented. Sergeant Hester discovered a wad of cash in a pocket in the defendant's shorts. State Troopers Donini and Holdsworth discovered an open beer can on the floor of the front passenger side and a cooler on the rear seat on the driver's side of the vehicle. Upon examining the cooler, Sergeant Hester found four cans of cold beer and an unopened pack of Camel cigarettes in a tray next to a small red cloth wrapped around several items. Inside the red cloth, Sergeant Hester found a metal rod, a smoking pipe and a vial containing a substance that later tested positive for cocaine residue.

While the search was being conducted, the defendant and the passenger were smoking cigarettes. Sergeant Hester determined that the defendant was smoking Camels and the passenger was smoking Dorals. Sergeant Hester arrested the defendant for possession of a controlled substance and driving after suspension, subsequent offense.

During the trial, Sergeant Hester was asked how he knew the defendant was smoking Camel cigarettes, to which he replied in part:

> And as I recall, when he left he wanted his cigarettes, and I gave him the package of Camels, because he indicated those were his.

Sergeant Hester testified that the package of Camels he was referring to was the unopened package in the cooler. The defendant objected to the testimony on the ground that it referenced a statement made by the defendant that was not disclosed prior to trial as required by Superior Court Rule 98. The trial court overruled the objection and informed the

defendant that he could cross-examine Sergeant Hester as to why the statement was not included in his police report.

The defendant moved for a directed verdict on the possession count, arguing that the facts could not support a finding beyond a reasonable doubt that he was in possession of the cocaine. The trial court denied the motion. The defendant was convicted of one count of possession of a controlled substance and one count of operating after suspension, subsequent offense. This appeal followed.

On appeal, the defendant argues that the trial court erred by failing to strike Sergeant Hester's testimony regarding the defendant's statement because the State failed to disclose the statement prior to trial. He also argues that the evidence was insufficient to support a finding beyond a reasonable doubt that he was in possession of cocaine. The defendant does not challenge his conviction for driving after suspension, subsequent offense. Because the sufficiency of the evidence claim is potentially dispositive, we address it first.

*I. Sufficiency of the Evidence*

The defendant argues that the trial court erred in denying his motion for directed verdict because the evidence was insufficient to support a finding beyond a reasonable doubt that he was in possession of cocaine. "When reviewing the sufficiency of the evidence, we ask whether, based upon all the evidence and all reasonable inferences from it, when considered in a light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty." *State v. Clyde*, 145 N.H. 388, 389 (2000) (quotation omitted).

The defendant argues that the evidence was insufficient because it did not preclude all other rational conclusions as to who possessed the drugs in the cooler. He asserts that the Camel cigarettes do not link him to the drugs because he made no admission that he knew about or was aware of the drugs in the cooler. Moreover, he argues that there was no evidence that he jointly possessed the cocaine with the passenger. On the contrary, he argues that a rational conclusion is that the passenger was in possession of the cocaine.

> To gain a conviction for possession of a controlled substance, the State must prove beyond a reasonable doubt that a defendant: (1) had knowledge of the nature of the drug; (2) had knowledge of its presence in his vicinity; and (3) had custody of the drug and exercised dominion and control over it. If the drug was not in the defendant's physical possession when the police found it, the State must prove constructive possession.

> Constructive possession can be inferred from incriminating statements or circumstances linking the defendant to the drugs, such as personal possessions found near the drugs. Further, constructive possession of drugs need not be exclusive.

*State v. Turmelle*, 132 N.H. 148, 155 (1989) (citations and quotations omitted). "A conviction for illegal possession may be based upon evidence that the [drugs,] while not found on the person of the defendant, w[ere] in a place under his dominion and control." *State v. Nickerson*, 114 N.H. 47, 52 (1974) (quotation and ellipsis omitted). When more than one person occupies the premises where drugs are found, mere proof that a defendant is one of those occupants is insufficient to prove his constructive possession. *State v. Stiles*, 128 N.H. 81, 86 (1986). Evidence of "personal possessions of the defendant standing in close proximity to the controlled substance may provide a sufficiently close nexus between the defendant and the substance to allow the jury to infer possession." *Id.* (quotation and brackets omitted).

In this case, the police discovered a cooler on the rear seat on the driver's side of an automobile that the defendant was operating. In the cooler was an unopened pack of Camel cigarettes, which the defendant stated was his. These cigarettes were the same brand as the cigarettes the defendant was smoking during the search of the automobile, and were found in close proximity to the drugs in the cooler. Viewing this evidence and all reasonable inferences from it in the light most favorable to the State, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of being in possession of a controlled substance.

## II. Discovery Rule Violation

The defendant next argues that the trial court erred in failing to strike Sergeant Hester's testimony regarding the defendant's statement, and that he is entitled to a new trial as a result of this error. Generally, decisions relating to pretrial discovery matters are within the sound discretion of the trial court. *State v. LaRose*, 127 N.H. 146, 152 (1985). "The defendant has the burden to demonstrate that the trial court's discretionary ruling is clearly untenable or unreasonable to the prejudice of his case." *State v. Bouchard*, 138 N.H. 581, 583 (1994).

Superior Court Rule 98, in pertinent part, provides:

> Within ten (10) calendar days after the entry of a not guilty plea by the defendant, the state shall provide the defendant with a

> copy of all statements, written or oral, signed or unsigned, made by the defendant to any law enforcement officer or his agent which are intended for use by the state as evidence at trial or at a pretrial evidentiary hearing.
>
> . . . .
>
> If at any time during the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may take such action as it deems just under the circumstances, including but not limited to: (i) ordering the party to provide the discovery not previously provided, (ii) granting a continuance of the trial or hearing, (iii) prohibiting the party from introducing the evidence not disclosed, (iv) assessing costs and attorneys fees against the party or counsel who has violated the terms of this rule.

The defendant asserts that the State violated this rule when it failed to disclose his statement prior to trial, and that he was prejudiced as a result. He argues that striking the statement was the reasonable and proper remedy under the circumstances.

At oral argument, the State conceded that it violated Rule 98 when it failed to disclose the statement. The focus, therefore, is on whether the court erred in refusing to strike the statement. The State first argues that the trial court did not err in refusing to strike the statement because nothing in the record shows that the State deliberately withheld information. We agree that there is no indication from the record that the State acted in bad faith in failing to disclose the statement. Rule 98, however, does not condition the imposition of sanctions upon proof of intentional or willful behavior.

The State also argues that the admission of the statement did not create sufficient prejudice so as to warrant striking the testimony because the defendant was aware that Sergeant Hester was going to testify about the connection between the defendant and the Camel cigarettes. It contends that the defendant had ample opportunity to depose Sergeant Hester prior to trial to inquire how he knew the defendant was smoking Camel cigarettes. In support of its argument, the State relies upon *People v. McFee*, 595 N.E.2d 64 (Ill. Ct. App. 1992). We find *McFee* distinguishable, however, because in that case the defendant was aware prior to trial that the prosecution intended to introduce his statements. *See id.* at 68. Thus, the court, recognizing that the purpose of the discovery rule is to protect against surprise and inadequate preparation, found that there was insufficient prejudice to warrant a new trial. *Id.*

Because Sergeant Hester's police report did not contain a reference to the defendant's alleged statement, the defendant could not have anticipated its introduction. Rather, he would have logically expected that Sergeant Hester would link him to the cooler by testifying that he was smoking Camel cigarettes. Because the defendant does not dispute this fact, it would have been unnecessary for him to depose the Sergeant. We will not place a general burden upon defendants to attempt to obtain trial court approval to depose the State's witnesses prior to trial. To do so would "require trial counsel to be nothing less than clairvoyant," and would thwart the purpose of Rule 98 by depriving the defendant of the fair notice to which he is entitled. *Welch v. Gonic Realty Trust Co.*, 128 N.H. 532, 536 (1986).

■ The admission of the defendant's statement was highly prejudicial. A link between the defendant and the cooler was the critical evidence in the prosecution's case. Sergeant Hester's testimony was extremely damaging in that it showed not simply that it was plausible that the cigarettes in the cooler were the defendant's, but that it was a certainty. Cross-examining Sergeant Hester as to why the statement was not included in his report would not cure such damage.

We disagree with the State that the defendant has not shown how prior notice of the statement would have affected his trial strategy. As the defendant correctly states in his brief, when evidence is not disclosed prior to trial, defense counsel cannot properly advise a client as to what evidence the State has and the significance of that evidence. This uncertainty has a direct effect on trial strategy. It impedes defense counsel's ability to fully examine the circumstances and decide whether to advise the defendant to enter a plea. If the case proceeds to trial, such important issues as, for example, what to include in an opening statement or whether the defendant should testify are implicated.

Therefore, we hold that the trial court committed reversible error by failing to strike Sergeant Hester's testimony to the extent it referred to the defendant's alleged statement. The defendant's possession conviction is reversed and remanded for a new trial.

*Reversed and remanded.*

BROCK, C.J., and NADEAU, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.