# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0431, <u>State of New Hampshire v. Brandon Boggs</u>, the court on April 12, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve this case by way of this order. See <u>Sup. Ct. R.</u> 20(2). The defendant, Brandon Boggs, appeals his convictions for aggravated felonious sexual assault following a jury trial in Superior Court (<u>Nicolosi</u>, J.). We affirm.

On appeal, the defendant raises two issues: (1) whether the trial court erred by denying his motion to exclude the results of the DNA analysis; and (2) whether the trial court erred when it denied his motion for a mistrial or a discovery sanction after the State failed to timely disclose corrective action reports (CARs) regarding a witness. We address each issue in turn.

Before trial, the defendant moved to exclude the testimony of a criminalist with the State laboratory who performed DNA analysis in this case. The criminalist concluded that the defendant could not be excluded as the minor contributor to a sample that had been submitted for analysis. It is undisputed that the methodology used, short tandem repeat (STR) DNA analysis, is reliable. The defendant's challenge focuses on the State laboratory's application of its methodology at a specific genetic location, referred to as "FGA."

Expert testimony must rise to a threshold level of reliability to be admissible. <u>Baker Valley Lumber v. Ingersoll-Rand Co.</u>, 148 N.H. 609, 613 (2002). "The proper focus for the trial court is the reliability of the expert's methodology or technique. The trial court functions only as a gatekeeper, ensuring a methodology's reliability before permitting the fact-finder to determine the weight and credibility to be afforded an expert's testimony." <u>Id</u>. at 616. When the <u>application</u> of a scientific methodology is challenged as unreliable, "outright exclusion of the evidence in question is warranted only if the methodology was so altered by a deficient application as to skew the methodology itself." <u>State v. Langill</u>, 157 N.H. 77, 88 (2008) (quotation omitted). "Where errors do not rise to the level of negating the basis for the reliability of the principle itself, the adversary process is available to highlight the errors and permit the fact-finder to assess the weight and credibility of the expert's conclusions." <u>Id</u>. (quotation, citation, and brackets omitted). "[A]s long as an expert's scientific testimony rests upon good grounds, . . . it should

be tested by the adversary process — competing expert testimony and active cross-examination — rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." Id. (quotation omitted).

The defendant's challenge rests in large part upon his contention that the laboratory has a "stochastic threshold" of 500 relative fluorescence units (RFU) in height[1], and that a reading of 504 RFU at the FGA location required the exclusion of the defendant as a possible contributor. As the State points out, however, the criminalist explained that because one allele was detected so close to the stochastic threshold and there were other peaks at the FGA location, she could not tell if the sister allele was masked. Furthermore, she explained that the reading above 500 could have been because "there's baseline that's 4 — 4 RFU, and that's the only reason it got up above — up above 500. . . . But those — those little differences are so little, they're not significant."

We agree with the trial court that to the extent the criminalist is alleged to have erred in the application of the methodology, any flaws in her analysis were best tested by cross-examination and the presentation of competing expert testimony. See id. Accordingly, we find no error in the trial court's denial of the motion to exclude the criminalist's testimony.

At trial, a serologist at the State laboratory also testified. On direct examination, he testified to a number of CARs that he received while employed. CARs describe errors a person made and direct the person to take corrective measures. The defendant noted that he had not been provided with all of the CARs, and after discussion the parties agreed that five CARs and two follow-up reports had not been provided.[2] The defendant moved for a mistrial with prejudice or, in the alternative, an order excluding the serologist and the criminalist as witnesses and excluding the DNA evidence from trial. The court took the matter under advisement, and offered to allow defense counsel to depose the serologist the following morning before counsel began cross-examination. Defense counsel declined. The next morning, the court denied the motion, concluding that any potential prejudice to the defendant had been cured. The court noted that the defendant had been offered an opportunity to depose the serologist, had seen his entire direct examination, had received all relevant documents and had been able to review them overnight. The court found no misconduct or gross negligence on the part of the prosecutors, and no effort on their part to cause a mistrial.

---

[1] Although the defendant asserted in his brief that the stochastic threshold was 200 RFU, he thereafter filed an errata stating that the threshold is 500 RFU.

[2] The defendant does not dispute that he was aware of seven CARs before trial.

In his brief, the defendant states that he is not arguing for dismissal. Rather, he contends, the trial court "should have at least granted a mistrial without prejudice." Defense counsel told the trial court, however, that if it did not grant a mistrial with prejudice, then the defendant was "not asking for a mistrial where the State could retry [the defendant]." Thereafter, when the trial judge remarked, "So I think in my view, I'm either going to grant a mistrial with or without prejudice or not," defense counsel clarified that the defense was objecting to a mistrial without prejudice. Thus, because the defendant is not arguing on appeal for a dismissal, and because the defendant objected in the trial court to the granting of a mistrial without prejudice, we will not consider whether the trial court erred by declining to grant a mistrial either with or without prejudice. Rather, we limit our review to whether the trial court erred by denying the defendant's request to exclude the DNA evidence as a remedy for the State's discovery violation.

The trial court has discretion to fashion a remedy for a discovery violation. See State v. Cotell, 143 N.H. 275, 279 (1998). We review the trial court's ruling for an unsustainable exercise of discretion. State v. Gamester, 149 N.H. 475, 478 (2003). The defendant has the burden of demonstrating that the trial court's discretionary ruling is clearly untenable or unreasonable to the prejudice of his case. State v. Smalley, 148 N.H. 66, 69 (2002).

We agree with the trial court that the remedies it offered would have sufficiently cured any potential prejudice to the defendant, and conclude that the trial court did not err by not excluding the DNA evidence. The defendant was offered an opportunity to depose the serologist before cross-examination. In addition, he was provided all the relevant documents and had the opportunity to review them overnight before commencing cross-examination. These measures sufficiently addressed the defendant's primary concern that the late disclosure would prejudice his ability to effectively conduct a cross-examination of the serologist. We do not find persuasive the defendant's argument that the late disclosure of additional CARs called into question the efficacy and integrity of the State laboratory such that the trial court should have excluded the DNA evidence. In sum, we are not persuaded that the trial court's discretionary ruling was clearly untenable or unreasonable to the prejudice of the defendant's case.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3