ERNEST BROMLEY

*v.*

STATE OF TENNESSEE

*(Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

W. R. FAIN, JR., Clarksville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from a conviction of receiving stolen property. The punishment imposed was a fine of $25 and confinement in the county workhouse for 60 days.

The three assignments of error relate to error in not excluding certain evidence that was offered on behalf of the State. The determinative question on this appeal is summed up in the third assignment, which reads as follows:

"The Court committed error in admitting in evidence, over objection of the defendant, the testimony of State's witnesses relative to merchandise found in defendant's home under search warrant issued in this cause, which search warrant was totally void."

The evidence conclusively shows that prior to the defendant's arrest the grocery store of Mrs. Maggie Allen was burglarized and certain merchandise stolen and carried away by two men by the name of Joe Tucker

and Gordon McElroy. These men were later convicted of this robbery and sent to the State penitentiary. The Deputy Sheriff of Montgomery County, who made an investigation of this robbery, first consulted Mrs. Allen as to the merchandise lost, the same consisting of canned goods and other articles usually kept for sale in a country store. He received information from Joe Tucker that some of this stolen merchandise was in the home of the defendant. He thereupon "swore out a warrant against Ernest Bromley charging him with receiving stolen property." A search warrant was also obtained from the General Sessions Court directing a search of Bromley's home. A search was accordingly made, resulting in the discovery of canned goods of food, 22 cartons of cigarettes, chewing tobacco, 12 boxes of super suds, 16 bars of soap, and other similar items. He was immediately arrested and later indicted on the charge of feloniously receiving these articles from Joe Tucker and Gordon McElroy, knowing they had been stolen from Mrs. Allen.

The defendant seasonably objected to the testimony of Mr. Binkley in which he exhibited the foregoing items of merchandise as having been found in Bromley's house, on the ground that "the search warrant was totally void". This objection was overruled and exception noted.

■ While the original warrant is not in the record we are satisfied that the affidavit, upon which it was issued, was insufficient as a matter of law. It did not state any fact as a basis for issuing the warrant. It must therefore be considered that the warrant, in and of itself, was invalid.

We consider the merits of this appeal as if no search warrant was involved.

The State insists, however, that the assignment of error is without merit because the Deputy Sheriff was authorized by law to search the home of the defendant and arrest him without a warrant. This insistence is grounded on the undisputed fact that the officer had reliable information from Tucker that the defendant was in possession of stolen property, the very property which he, Tucker, had stolen from Mrs. Allen's store.

The counsel for the defendant argues from the standpoint that the right to arrest the defendant was dependent solely and alone upon the validity of the search warrant. But the Assistant Attorney General contends that if the officer was justified in making the arrest in the first instance it was wholly immaterial whether the arrest was before or after the issuance and service of the warrant.

The argument is thus made on the State's brief:

"* * * Mrs. Allen's store had been broken into and the merchandise taken therefrom. The men who sold and delivered the goods to the Defendant had informed the officers that the Defendant had them in his possession (tr. 16). Had the officers made the arrest before making the search based upon the information in their possession at the time of their arrival at Defendant's home, the arrest would have been justified and a search of Defendant's home following his arrest would have been lawful. It appears to the State that when the law enforcement officers have sufficient information to justify the arrest of a person prior to making a search of

his premises, it would make little difference whether the arrest was made before the search or after it."

In support of the foregoing contention reference is made to *Thompson v. State,* 185 Tenn. 73, 203 S.W.2d 361; *Simmons v. State,* 198 Tenn. 587, 281 S.W.2d 487; and *Atkins v. Harris,* 202 Tenn. 489, 304 S.W.2d 650.

We cannot dispose of this case on the State's theory that since the arrest was lawful the validity or invalidity of the search warrant was immaterial. The time element seems important to us, that is, considering that the arrest was lawful nevertheless if the search was not incidental to the arrest, the evidence obtained as a result of the search must be declared illegal.

While it is undoubtedly true that a peace officer is not required to obtain a warrant for the arrest of one who is accused of commiting a felony, he may not search the home of the accused without a lawful search warrant, except as an incident to a lawful arrest and contemporaneous with it.

In the Thompson case, *supra,* the arrest without a warrant was lawful and the search of his automobile without a warrant was incidental to that arrest and contemporaneous with it.

The facts of the instant case are in no way analogous to *Thompson v. State,* and other cases cited. Thompson was lawfully arrested on a felonious charge and taken in custody by the arresting officer, and his automobile was then and there searched for contraband liquor. In the case at bar the officers went to the home of the defendant, Bromley, and found him "sick in bed". While the officers had sworn out a warrant for his arrest, he was never

notified of it and was never arrested in the sense of being detained; he was not taken into custody but was told to come into Clarksville and make bond. After interrogating the defendant about his possession of the stolen articles and after his denial, they presented the search warrant and proceeded to search the house. The record shows without dispute that the defendant was never arrested until after he had been indicted by the grand jury.

■ Now was the defendant placed under arrest at the time of the search? The only process read to him was the invalid search warrant.

"An arrest, as the term is used in criminal law, signifies the apprehension or detention of the person of another in order that he may be forthcoming to answer an alleged or supposed crime." 4 Am.Jur., Sec. 4, p. 7.

"An arrest is the taking, seizing or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest." *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633, 635.

We are not satisfied that the search in the case at bar was incidental to a lawful arrest and hence lawfully authorized. In fact there is grave doubt in the minds of the Court if the defendant was ever arrested until after the search, in fact long after it was made. It results that the assignments of error are sustained. The case is reversed and remanded for a new trial.