Frances BRANNEY, Appellant
(Defendant below),

v.

The CITY OF CASPER, Appellee
(Plaintiff below).

No. 3116.

Supreme Court of Wyoming.
April 30, 1963.

Thos. J. Fagan, of Fagan & Fagan, Casper, for appellant.

J. F. Mahoney, City Atty., of Mahoney & Murphy and Lawrence E. Middaugh, Acting Asst. City Atty., Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Upon defendant's failure to pay certain parking fines, a warrant for her arrest was issued by the Municipal Court in and for the City of Casper, Wyoming. The scilicet of the warrant appears as, "The State of Wyoming, County of Natrona, City of Casper," and it was directed to the Chief of Police or any member of the police force of the City. It therefore was lawful for any member of the Casper police force to serve and execute the same. 6 C.J.S. Arrest § 4, p. 576, State ex rel. La Prade v. Grantham, 30 Ariz. 591, 249 P. 758.

One such police officer with the warrant in his possession went to defendant's place

of business, located and identified the defendant, told her he had two warrants for parking violations and that she was going to have to go with him, that she was under arrest, and gave her a copy of the warrant. Defendant then called the Chief of Police and asked if she could come to the police station at noon, saying she would be there by noon. The police chief instructed the police officer to permit defendant to come in as she requested. When defendant had not appeared at the police station by 4:00 p. m., the police chief, acting at the direction of the magistrate who issued the warrant, telephoned defendant's place of business and, upon being told defendant was not there, left word for defendant that she would have to come to the police station or they would have to come after her, and instructed the desk sergeant if "they" (the police) saw her, to bring her in. About 7:15 p. m., a regular member of the police force saw defendant as she was about to enter her car and informed her she would have to come down to the police station. Defendant said she was not coming to the police station, called the officer vile and obscene names, and stated she was not going to ride in a police car. The officer responded by telling defendant she was under arrest and would have to come to the police station. Defendant then opened the door of her car, jumped in and "stuck the keys in the switch." Whereupon, the officer grabbed her by the shoulders and pulled her out of the car, the defendant cursing, screaming, calling the officer vile names, and struggling and kicking at the officer. Under those circumstances, defendant was handcuffed over the sleeves of her garment and taken to the police station.

As a result of these happenings, defendant was charged in the Municipal Court of the City of Casper with the misdemeanor crime of resisting arrest by force and violence and was tried and convicted of that offense in the municipal court. She appealed to the district court and was there tried, convicted by a jury, and sentenced to pay a fine. Defendant now appeals to this court from the judgment of conviction and sentence by the district court.

■ Appellant relies for reversal upon her claim that the arrest which she resisted was unlawful in that the officer whom she resisted did not then have in his possession a lawful warrant authorizing her arrest and because of the court's alleged error in giving and refusing certain instructions.

Under the undisputed facts of the case as hereinabove stated, appellant's first contention is entirely without merit. Not only was defendant properly apprehended by a police officer of the City of Casper having at the time in his possession a lawful warrant for her arrest who told defendant she was under arrest, but the officer also gave defendant a copy of the warrant. See Rhodes v. Walsh, 55 Minn. 542, 57 N.W. 212, 215, 23 L.R.A. 632; Harrer v. Montgomery Ward & Co., 124 Mont. 295, 221 P. 2d 428, 433; Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433, 439; Bromley v. State, 203 Tenn. 194, 310 S.W.2d 432, 435; State v. Phillips, 262 Wis. 303, 55 N.W.2d 384, 386; Weissengoff v. Davis, 4 Cir., 260 F. 16, 19, 7 A.L.R. 307, certiorari denied 250 U.S. 674, 40 S.Ct. 54, 63 L.Ed. 1201; State ex rel. Sadler v. District Court of Eighth Judicial Dist. in and for Cascade County, 70 Mont. 378, 225 P. 1000, 1002; Jenkins v. United States, 10 Cir., 161 F.2d 99, 101; State v. Williams, 237 S.C. 252, 116 S.E.2d 858, 860; Central of Georgia Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261, 262; McAleer v. Good, 216 Pa. 473, 65 A. 934, 935, 10 L.R.A.,N.S., 303; Johnson v. Norfolk & W. Ry. Co., 82 W.Va. 692, 97 S.E. 189, 191, 6 A.L.R. 1469; Shannon v. Jones, 76 Tex. 141, 13 S.W. 477, 479; Cornish v. State, 215 Md. 64, 137 A.2d 170, 172. In addition, defendant's telephone call to the police chief in itself was a tacit admission she was being held in arrest and her plea to be permitted until noon to "come in" manifested her understanding that she was under arrest and her submission to the arrest as well as her knowledge of the arresting officer's authority to detain and take her to the police station. See Harrer

**68**

v. Montgomery Ward & Co., supra; Hoppes v. State, supra; Goodell v. Tower, 77 Vt. 61, 58 A. 790, 791; Central of Georgia Ry. Co. v. Carlock, supra; Martin v. Houck, 141 N.C. 317, 54 S.E. 291, 293, 7 L.R.A.,N.S., 576; Johnson v. Norfolk & W. Ry. Co., supra.

The argument dwelt upon by both parties as to whether the police chief or the arresting officer had the right or authority to give defendant the considerate treatment she was accorded is of little moment here. Neither officer had any authority other than that specified in the warrant. This was simply to arrest defendant and bring her before the magistrate. The failure of the officers to strictly comply with the entire mandate of the warrant by immediately taking defendant before the magistrate after her arrest, did not serve to discharge defendant from legal arrest nor did it enlarge the rights of defendant, Carlson v. Landon, District Director of Immigration and Naturalization Service, 342 U.S. 524, 546-547, 72 S.Ct. 525, 96 L. Ed. 547, rehearing denied 343 U.S. 988, 72 S.Ct. 1069, 96 L.Ed. 1375. Once the defendant was lawfully placed under arrest, the obligation of the entire police force was to apprehend and produce her before the magistrate issuing the warrant, and it became the duty of every such police officer to take defendant into custody wherever she was found and to use all means reasonably necessary to produce her before the municipal court.

Once defendant was lawfully arrested it was no longer necessary that the warrant be in the possession of the particular officer who had the opportunity to again apprehend her. See Carlson v. Landon, District Director of Immigration and Naturalization Service, supra. It savors of some absurdity to hold that every police officer on the force must have in his possession the original warrant in order to lawfully regain the physical custody of a person already arrested, even though such person had been improperly permitted to

remain at large. Hefler v. Hunt, 120 Me. 10, 112 A. 675, 677.

The instructions given and those refused by the court have been carefully examined. Those given are ample and correctly state the applicable law. Those refused were therefore unnecessary.

Finding no error, we affirm the judgment of the trial court.

Affirmed.