LYNN WARDEN

*v.*

STATE OF TENNESSEE.

379 S.W.2d 788

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

THOMAS E. MITCHELL, Johnson City, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Plaintiff in error, herein referred to as defendant, was convicted of the unlawful possession of intoxicating liquor, fined $250.00 and sentenced to 90 days in jail (T.C.A. sec. 39-2511). He appealed in error assigning as error the trial judge's failure to suppress the evidence of two pints of whiskey and one pint of vodka found in his possession during an alleged illegal search.

On March 9, 1963, Lt. Garland Musick of the Johnson City Police department went before the City Judge and obtained a warrant against "Eunice Barrowman and John or Jane Doe," to search the home of defendant located at 121 West Chilhowie Avenue in Johnson City.

He, along with another police officer, went to the premises described in the warrant and properly served the warrant on the occupant Eunice Barrowman. While they were in the process of making the search, the defendant came to the front door. According to the officers' testimony, they could see a liquor bottle which was partially visible under his belt. A search of his person was then conducted which revealed two pints of whiskey and one pint of vodka. Defendant was then arrested.

At the trial the defendant excepted to the admission of this evidence on the ground that "there was no search warrant for this described person (the defendant), personally, and just seeing the three pints under his shirt would give no officer any right to arrest him and make a search."

In this State it is well settled that an officer may make a constitutional search of the person of the defendant, even without a search warrant, provided the person is lawfully arrested and the search is "incidental to the arrest." *Hughes v. State,* 145 Tenn. 544, 566, 238 S.W. 588, 20 A.L.R. 639 (1921); *Dittberner v. State,* 155 Tenn. 102, 107, 29 S.W. 839 (1926); *Elliott v. State,* 173 Tenn. 203, 207, 116 S.W.2d 1009 (1938); *Robertson v. State,* 184 Tenn. 277, 282, 198 S.W.2d 633 (1946); *Liakas v. State,* 199 Tenn. 298, 306, 286 S.W.2d 856 (1955); *White v. State,* 210 Tenn. 78, 256 S.W.2d 411.

This rule is well-stated by the Court in *Hughes v. State,* supra, 145 Tenn. 544, 566, 238 S.W. 588, 594, the leading case on this subject, in a quotation from 2 R.C.L., 468, as follows:

"An officer making an arrest has authority to search the person of his prisoner, even against his will; but a search is justifiable only as an incident to a lawful arrest, and if the arrest is unlawful the search is also unlawful. Thus an officer acting without a warrant for an arrest and without attempting to make an arrest is not justified in making a search of a person upon mere suspicion that he has committed a crime. The officer making an arrest and search of the person of the prisoner may take from him any dangerous weapons, or anything else that he reasonably may deem necessary to his own or the public safety, or for the safe-keeping of the prisoner, and take into his possession the instruments of the crime and such other articles as may be of use as evidence on the trial, or which might enable the prisoner to escape."

Since the officers in the case before us had no warrant to arrest or to search the person of defendant, their arrest and search of him can only be justified if the circumstances were such that our statute (T.C.A. sec. 40-803) authorized them to make the arrest and search without a warrant. This statute is as follows:

"40-803. *Grounds for arrest by officer without warrant.* —An officer may, without a warrant, arrest a person:

"(1) For a public offense committed or a breach of the peace threatened in his presence.

"(2) When the person has committed a felony, though not in his presence.

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"(4) On a charge made, upon reasonable cause, of the commission of a felony by the person arrested. [Code 1858, sec. 5037; Shan., sec. 6997; Code 1932, sec. 11536]."

Inasmuch as no felony had been committed and there was no reasonable cause for a charge of felony, the only part of this statute which could authorize the officers to arrest defendant in this case is subsection (1), providing an officer may arrest, without a warrant, for a "public offense committed or a breach of the peace threatened in his presence." Referring to the terms "breach of the peace," this Court, in *Gray v. State,* 207 Tenn. 39, 43, 336 S.W.2d 22 (1960), opinion by Associate, now Chief, Justice Burnett, said:

"The definition of a breach of peace has been accepted by this Court as a generic term including all violations of the public peace or order and includes unlawful sale, actual or threatened, of intoxicating liquors. In any of these things the officer may make an arrest without a warrant. *State ex rel. Thompson v. Reichman,* 135 Tenn. 653, 188 S.W. 225, Ann.Cas.1918B, [889] 899."

One of the officers in the instant case testified that he could actually see the neck of a liquor bottle protruding from beneath defendant's shirt as he entered the house. Thus, a public offense was being committed or a breach of the peace threatened in the presence and sight of these officers, which authorized them to arrest defendant and search him, as an incident to the arrest, under the authorities above cited.

Defendant contends, however, that the search of his person preceded his arrest, was not incident thereto, and,

being made without a search warrant, the search was unlawful and the evidence disclosed by it was inadmissible. Defendant relies upon *Bromley v. State,* 203 Tenn. 194, 310 S.W.2d 432.

The facts of the Bromley case differ significantly from those of the case before us. There, a store had been burglarized and certain merchandise stolen by Tucker and McElroy, who were convicted of the robbery. The officers received information that part of the stolen goods was in the home of Bromley. They obtained a search warrant to search his home and also a warrant for his arrest for "receiving stolen property."

Armed with these warrants, the officers went to Bromley's home, found him there "sick in bed," searched his home, found the stolen goods, but did not execute the warrant for his arrest, did not arrest him, "did not take him into custody, but told him to come to Clarksville and make bond." It was held that the search was illegal because it was made under an invalid search warrant and not pursuant to any arrest of Bromley.

The case before us is more like *Gray v. State,* supra. There, officers received a radio call of complaint about a certain house in Madison County. Acting on this information, they went to the house. As they neared it, they saw a colored man standing in front of it holding in his hand a sack and a jug. When he saw the officers, he dropped the sack, ran, carrying the jug; and there were a number of colored and white people going in and out of the house, and one of them standing in front taking a drink from a bottle. It was held that when the officers thus saw a public offense being committed or breach of the peace threatened in their presence, they were justified "in making a search and an arrest following this search."

Thus, it is seen that in the Bromley case there was no arrest and the search, under an invalid warrant, was illegal, while in the Gray case there was a search and at the same time an arrest for a public offense committed or breach of the peace threatened in the presence of the officers, the search and the arrest being practically simultaneous and part of one and the same transaction.

■ ■ Likewise, in the case before us, the search and the arrest were at the same time and are to be regarded as part of the same transaction. So regarded, we think the search was valid as an incident to a lawful arrest for a public offense committed in the sight and presence of the officers. This question is ably discussed in an annotation, "Search and Seizure Before Arrest," in 89 A.L.R.2d 715-801. It seems that the rule supported by the better principle and the weight of authority is that a search will be upheld as lawful where it is made under a valid search warrant or as an incident to a lawful arrest, even though the search actually precedes the arrest, if the two may be regarded as part of one and the same transaction.

This disposes of all the material questions made by the assignments of error. We think they are all without merit and must be overruled and the judgment below is affirmed.