**Danny SMITH, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Feb. 5, 1974.

Certiorari Denied by Supreme Court
July 1, 1974.

Wendal Jackson, J. Klyne Lauderback, Jr., Bristol, for plaintiff-in-error.

David M. Pack, Atty. Gen., Wm. C. Koch, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Bristol, Wm. R. Mooney, Asst. Dist. Atty. Gen., Blountville, for defendant-in-error.

## OPINION

MITCHELL, Judge.

Danny Smith, the defendant, represented by retained counsel Honorable Wendal Jackson, was convicted on November 30, 1972 in the Criminal Court of Sullivan County, Tennessee, of manufacturing marihuana. The jury fixed the punishment at three years in the penitentiary and a fine of $3,000.00, upon which the Trial Judge Honorable John K. Byers, duly pronounced judgment and sentence.

A motion for a new trial was heard and overruled and an appeal prayed and granted.

The defendant did not testify before the jury nor offer any proof.

The facts, according to the testimony of the State's witnesses, are that on or about June 23, 1972 Captain of Detectives C. W. Booher, of the Bristol Police Department in answer to a call, went to Irwin's Beauty and Barber Supply where he met a Mr. Beverly who took him back through the building into a garage area. There he looked through some windows into a trailer court and into a yard where he saw a box with some marihuana plants growing in it about ten or twelve feet from him.

The Detective identified some pictures of the area and the box. The box was resting on the ground under a lawn chair. That Danny Smith the defendant at the time lived there with his parents in Sullivan County, Tennessee. The witness identified a picture of the box containing the marihuana plants. Captain Booher testified the box contained 100 plants.

Captain Booher contacted Sergeant White and together they went to the place where the box of marihuana plants was and took possession of the box of marihuana. The defendant Danny Smith was placed under arrest. The defendant was the only person at the trailer where the box of marihuana plants was located. Catain Booher sent one of the plants by registered mail to the State Toxicology Laboratory the same day it was seized.

William J. Heany Jr., whose qualifications were admitted and stipulated, testified he was employed by the Department of Public Health of the State of Tennessee as a toxicologist. That he received the plant in a sealed package from Captain Booher, tested it and found it was marihuana. The plant he tested was a seedling not more than 2 inches in height with leaves on it. That the plants grow to a height of 12 to 24 inches. That he returned his report of the analysis in a sealed envelope by registered mail and got a return receipt for it which he exhibited in his testimony.

Fred Gossett testified he was warehouse manager for Irwin's Beauty and Barber Supply. That the defendant Danny Smith lived in a trailer in a "trailer court right next to Irwin's." That on or about June 20th, 1972 from his window where he was working, he saw the defendant Danny Smith in his yard near his trailer watering plants in a box with tin foil around on the side of it. That he had seen him two or three times in his yard. The box was under a chair. The defendant put up boards in front of the plants, that he did not know whether he was concealing them from the sun or from view. Gossett said the defendant was watering the plants and handling the box, about midforenoon.

## ASSIGNMENTS OF ERROR

The defendant has made the following assignments of error:

(1) There was insufficient evidence to support the verdict of the jury.

(2) The evidence preponderates against the verdict of the jury.

(3) The Trial Court erred in not granting defendant's motion for directed verdict.

(4) The Trial Court erred in not granting defendant's motion for a new trial.

(5) The Trial Court erred in overruling defendant's motion to suppress the evidence alleged to be the subject matter of the prosecution.

(6) Evidence was admitted at the trial which had been obtained by an unreasonable search in violation of Article I, Section 7 of the Tennessee Constitution and the Fourth and Fourteenth Amendments to the U.S. Constitution.

Assignments of error 1 and 2 attack the sufficiency of the evidence and will be considered together.

■ It is well-settled in this State that a conviction in a criminal case will not be reversed on the facts unless it is shown that the evidence preponderates against the verdict and in favor of the innocence of the accused. White v. State, 210 Tenn. 78, 84, 356 S.W.2d 411, 414 (1962).

■ It is also well-settled in this State that the verdict of the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflict in favor of the theory of the State. Such verdict also removes the presumption of innocence of the accused and raises a presumption of his guilt and puts upon him, here, the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. See White v. State, supra; Holt v. State, 210 Tenn. 188, 357 S.W.2d 57 (1962); Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385 (1960); Turner v. State, 188 Tenn. 312, 219 S.W.2d 188 (1949).

■ We find the evidence does not preponderate against the verdict and in favor of the innocence of the defendant.

Equally without merit is the defendant's 3rd assignment of error, that the Court erred in denying the motion for a directed verdict.

■ Since the evidence does not preponderate against the verdict it is obvious that the Trial Court should not have directed a verdict in favor of the defendant. Ridley v. Spence, 61 Tenn.App. 571, 456 S.W.2d 846; Taylor v. State, 2 Tenn.Cr.App. 459, 455 S.W.2d 168.

Assignments of error 4, 5, and 6 have to do with the questions of search and seizure and alleged violations of the defendant's constitutional rights and will be considered together.

The defendant made a motion to suppress the evidence in which he contended the officers invaded his premises without a search warrant and seized the marihuana, in violation of the defendant's constitutional rights.

The Trial Judge conducted an evidentiary hearing on the motion to suppress and found that the officer while at a place where he had a right to be, on the premises of the adjoining owner or lessee of adjoining premises, saw a box of 100 plants of marihuana growing in the defendant's yard beside his trailer residence. The officer then took with him another officer and they went upon the defendant's premises, seized the box of 100 marihuana plants, and arrested the defendant.

The proof showed the arresting officer Captain C. W. Booher of the Bristol Police Department was invited into the premises of Irwin's Beauty and Barber Supply where he looked upon the defendant's trailer residence and yard and saw the marihuana plants growing in a box beside defendant's trailer residence about twelve (12) feet from the place the officer then was.

■■ We hold as did the Trial Judge that the arresting officer while at a place where he had a lawful right to be, saw the law being violated in his presence by the defendant growing and manufacturing marihuana in his yard beside his trailer residence. That he was justified in going upon the premises of the defendant without a warrant and seizing the marihuana and in arresting the defendant. The fact that the actual formal arrest did not take place until the contraband was seized did not invalidate the seizure of the contraband nor render the testimony inadmissible. Warden v. State, 214 Tenn. 314, 379 S.W.2d 788 (1964).

The warehouse manager of the adjoining Irwin's Beauty and Barber Supply testified that about June 20, 1972 he saw the defendant watering plants in a box with tin foil around it.

The judgment is affirmed.

RUSSELL and O'BRIEN, JJ., concur.