IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2019 Session

**STATE OF TENNESSEE v. DARRYL RENE MORGAN**

**Appeal from the Criminal Court for Knox County**
**No. 111397     G. Scott Green, Judge**

**No. E2018-00916-CCA-R3-CD**

JAMES CURWOOD WITT, JR., J., dissenting.

I respectfully disagree with the majority's decision to affirm the trial court's order of suppression of evidence. In particular, I would not have reviewed a theory of exigent circumstances in determining that the warrantless search of the defendant's person was illegal. Rather, I believe that the search-incident-to-arrest rationale undergirds the search in this case and requires a reversal of the trial court's ruling.

The fulcrum for the majority's exploration into exigent circumstances is a quotation from *State v. Frederic A. Crosby*, No. W2013-02610-CCA-R3-CD (Tenn. Crim. App. Jackson, Sept. 9 2014). That quotation is: "No amount of probable cause can justify a warrantless search or seizure, absent 'exigent circumstances.'" *Id.*, slip op. at 8. In *Frederic A. Crosby*, this court used the doctrine of exigent circumstances to analyze the search of an individual; however, the caselaw upon which the above quotation emanates addressed the vehicle exception to the warrant requirement. *Frederic A. Crosby* quoted *Fuqua v. Armour*, 543 S.W.2d 64, 68 (Tenn. 1976), which in turn quoted *Coolidge v. New Hampshire*, 403 U.S. 443, 468 (1971). *See State v. Reginald Allan Gillespie*, No. 03C01-9706-CR-00222, slip op. at 6-7 (Tenn. Crim. App., Knoxville, June 16, 1999) (Despite finding probable cause to search a person after an officer smelled marijuana, the court discussed and found the presence of exigent circumstances without using the quoted statement from *Fuqua*.); *State v. James C. Leveye*, No. M2003-02543-CCA-R3-CD, slip op. at 3-4 (Tenn. Crim. App., Nashville, Feb. 15, 2006). As explained by *Coolidge* and *Fuqua*, the vehicle exception is but a specific rubric of the doctrine of exigent circumstances. In other words, the exigent circumstance doctrine provided the theoretical basis for crafting a recognized vehicle exception to the warrant requirement. Thus, the quotation from *Frederic A. Crosby* was lifted out of context, albeit admittedly,

and the use of it in analyzing the search of an individual is baseless in my view. Jurisprudence is not served by amplifying this usage in the present case.

I believe the analytical challenges in the present case are amply met by the more conventional doctrine of search incident to arrest. Based on the odor of green marijuana, as the majority notes, the officer was armed with probable cause before he commenced any search activity. That activity led to the discovery of marijuana which, in relatively short order, led to the defendant's seizure and confinement in the police car. I believe that caselaw supports a conclusion that the discovery and seizure of the contraband were incidental to the probable-cause-based arrest.

Our supreme court has identified four prerequisites of a search incident to an arrest:

> (1) the arresting officer must have probable cause to believe that the defendant had engaged or was engaging in illegal activity; (2) the probable cause must attach to an offense for which a full custodial arrest is permitted—i.e., there must be statutory grounds for a warrantless arrest; (3) the arrest must be consummated either prior to or contemporaneously with the search; and (4) the search must be incident to, not the cause of, the arrest.

*State v. Richards*, 286 S.W.3d 873, 878 (Tenn. 2009) (citations omitted).

To be validly conducted incident to an arrest, a search does not necessarily have to occur after the arrest as long as the events occur contemporaneously. *See id.*; *Warden v. State*, 379 S.W.2d 788, 791 (Tenn. 1964). In *Warden*, police officers observed the defendant with a liquor bottle visible under his belt and searched his person, discovering contraband liquor. *Id.* at 789. After completing the search, the officers arrested the defendant. *Id.* Our supreme court found that the search and arrest of the defendant occurred "at the same time" and held that "a search will be upheld as lawful where it is made . . . as an incident to a lawful arrest, even though the search actually precedes the arrest, if the two may be regarded as part of one and the same transaction." *Id* at 791.

Similarly, in *Rawlings v. Kentucky*, the Supreme Court upheld the search of person as a search incident to a lawful arrest when "the formal arrest followed quickly on the heels of the challenged search of the petitioner's person," stating that it was not "particularly important that the search preceded the arrest rather than vice versa." *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). In *Rawlings*, the petitioner claimed ownership over certain illegal drugs, and a police officer searched the petitioner, finding $4,500 cash and a knife on his person and subsequently arrested him. *Id.* at 101. The

court concluded that the petitioner's admission of owning the drugs gave the officers clear probable cause to arrest him and, because the arrest "followed quickly on the heels of the challenged search," the search was valid as incident to a lawful arrest. *Id.* at 111.

For a search that precedes an arrest to be valid as a search incident to the arrest, the arrest must be justified before the search is initiated. *See State v. McMahan*, 650 S.W.2d 383, 387 (Tenn. Crim. App. 1983) ("A search incident to an arrest may not precede the arrest and serve as part of the justification for the arrest."); *see also Richards*, 286 S.W.3d at 881 (invalidating a search that preceded an arrest, in part, because "the [d]efendant was placed under arrest only because the . . . search of his person yielded narcotics" and the police lacked probable cause prior to conducting the search); *State v. Crutcher*, 989 S.W.2d 295, 302 (Tenn. 1999) ("It is axiomatic that a warrantless police search may not precede an arrest and serve as part of its justification." (citing *Smith v. Ohio*, 494 U.S. 541, 543 (1990))); *State v. Cothran*, 115 S.W.3d 513, 526 (Tenn. Crim. App. 2003) ("A search may precede a formal arrest if the police officer had probable cause to arrest at the time of the search, and the items seized as a result of the search were not necessary to support probable cause to arrest." (citing *Rawlings*, 448 U.S. at 111)).

Furthermore, a search may be conducted incidentally to arrest only if the seizure of the person "rise[s] to the level of a custodial arrest." *Crutcher*, 989 S.W.2d at 301. It is not enough that officers could have made an arrest. *Id.* at 301 n.8. "In Tennessee, an arrest is . . . specifically defined as 'the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest.'" *Id.* (quoting *West v. State*, 425 S.W.2d 602, 605 (Tenn. 1968)). Although a custodial arrest does not require "formal words or a station house booking," "there must be actual restraint on the arrestee's freedom of movement under legal authority of the arresting officer." *Crutcher*, 989 S.W.2d at 301-02.

Based on these authorities, I believe the facts of the present case support a conclusion that the search of the defendant was incidental to his arrest, and I see no need to undertake a less conventional analysis to resolve the suppression issue.

Implied in the majority opinion is the notion that a different measure of probable cause exists for an arrest than exists for a search. I know of no basis for that notion. Furthermore, in concluding that exigent circumstances did not exist, the majority references the presence of four police officers and a police dog attending the defendant on the side of the road. The implication here is that the law enforcement presence would have discouraged if not prevented the defendant's escape while a search warrant was being obtained. In this scenario, a seizure has occurred, yet the majority would not deem the seizure to be an arrest validated by probable cause although, apparently, probable cause would have supported the issuance of the search warrant. Understanding the search

as incidental to a lawful seizure of the person – that is, an arrest – is, in my view, a more straightforward treatment of the case.

I believe viewing the problem as one of search incident to arrest not only is more apt but also requires a different result. For that reason, I respectfully dissent from the majority opinion, would reverse the trial court's order, and remand for future proceedings.

_____
JAMES CURWOOD WITT, JR., JUDGE